EXCELSIOR CONSUMERS' CIGAR CO. v. STRACHERJAN.

(Supreme Court, Appellate Term.  March 24, 1904.)

1. AGENCY—AUTHORITY—PROOF—DECLARATION OF AGENT.

The authority of an alleged agent to accept payment for goods sold on behalf of his employer cannot be proved by the mere declarations of such agent.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Excelsior Consumers' Cigar Company against Uffo Stracherjan.  From a Municipal Court judgment in favor of defendant, plaintiff appeals.  Reversed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Louis Wendel, Jr., for appellant.

Frederick C. Steffen, for respondent.

BLANCHARD, J.  The plaintiff brought this action to recover a balance due for goods sold and delivered.  The defendant admitted the purchase of the goods, and pleaded payment.  The evidence is that the defendant paid the balance to an employé of the plaintiff, and the real issue in the case is whether such employé was authorized to receive and collect the money for the plaintiff.  The only testimony given by the defendant in support of the contention that the employé in question was the authorized agent of the plaintiff to collect and receive the money was given by the agent himself.  He states that he collected the money by direction of the bookkeeper of the plaintiff, but admits that he did not pay it over to the plaintiff.  He claims that he charged it to his account.  On the other hand, both the manager and the president of plaintiff testified that the employé in question was employed as a packer of cigars; that he had no other duties; and that he had no authority, special or general, to collect the money.

It is a well-settled principle of law that agency cannot be proved by the mere declaration of the alleged agent.  And yet that is the only

¶ 1. See Principal and Agent, vol. 40, Cent. Dig. § 416.

evidence offered in this case to prove the agency of this employé. Even admitting the competency of such evidence to establish agency, it is doubtful if the evidence in the case would be sufficient to establish the defendant's contention in face of the positive statements of the president and manager of the plaintiff.

It follows that the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.